```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ANTHONY RULLAN, | : |
|                Petitioner, | :   No. 19-cv-5303 (NLH) |
|                v. | :   MEMORANDUM AND ORDER |
| NEW JERSEY, et al., | : |
|                Respondents. | : |

IT APPEARING THAT:

1. Petitioner Anthony Rullan, a prisoner currently confined at the South Woods State Prison in Bridgeton, New Jersey, seeks to challenge a judgment of conviction entered in 2011 on New Jersey Indictment No. 09-12-99 (the "2011 Conviction"). See ECF No. 1.

2. Petitioner initially sought to challenge the 2011 conviction by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in No. 16-cv-2332, which was dismissed because, at the time of Petitioner's filing, he had not yet exhausted his claims in state court. See No. 16-cv-2332, ECF Nos. 12 (opinion), 13 (order). In that opinion and order, the Court specifically noted that it declined to grant a stay because the claims had not yet been exhausted and thus, the applicable statute of limitations had not yet begun to run. See ECF No. 12 at 5.

3. Separately, Petitioner sought to challenge a judgment of conviction from 2008 on New Jersey Indictment No. 04-05-556 in No. 15-cv-140 (the "2008 Conviction") by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See No. 15-cv-140, ECF No. 17 (second amended petition); 21-1 (judgment of conviction dated March 28, 2008). In that case, the respondent filed a motion to dismiss the petition as untimely, which the court granted and for the Court of Appeals for the Third Circuit declined to issue a certificate of appealability. See ECF Nos. 32 (opinion), 33 (order); 39 (certified order in of USCA in lieu of mandate). This petition was limited to the 2008 Conviction.

4. In the instant matter, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 to challenge the 2011 Conviction. No. 19-cv-5303, ECF No. 1. In it, Petitioner alleges that he has now exhausted his claims, with the last claim exhausted on January 25, 2019. See id. at 6.

5. The Court then issued an Order to Answer directed to Respondent on March 5, 2019. ECF No. 2. In it, the Court directed the Respondent to file a "full and complete answer to all claims asserted in the Petition within forty-five" days of the entry of the Order to Answer. Id. at 3. In the alternative, the Order provides that "where the Petition appears to be untimely . . . the Respondent may file a Motion to Dismiss the Petition on timeliness grounds only." See id. at 2.

6. Instead, Respondent has filed a "Motion to Transfer Case to Court of Appeals for Certificate of Appealability" in which Respondent asserts that Petitioner must now seek permission from the Third Circuit to challenge his 2011 Conviction because his petition challenging his 2008 Conviction was denied as untimely.  See ECF No. 6.  That Motion is returnable on May 20, 2019.

7. Respondent has since filed a letter in which counsel notes that the response to the Order to Answer is due on April 19, 2019, and, in light of the Motion to Transfer, requests that the Court grant an extension of time to file a response pending the outcome of the Motion.  See ECF No. 7.  Specifically, Respondent requests that the response be due thirty days after the Court rules on the Motion.  Id.

8. Without opining on the merits of the Motion, the Court notes that the filing of a Motion to Transfer does not relieve the Respondent from the obligations outlined in the Order to Answer.

9. Therefore, the Court will decline to grant the extension as requested but, in light of what appears to be a misunderstanding by Respondent, will grant an extension of time of thirty days from the date of this Order to comply with the Court's prior Order to Answer.

IT IS therefore on this  23rd   day of April, 2019,

ORDERED that Respondent's request for an extension of time, ECF No. 7, is DENIED AS REQUESTED; and it is further

ORDERED that Respondent must comply with the Order to Answer dated March 5, 2019, within thirty (30) days from the date of this Order; and it is finally

ORDERED that the Clerk of Court shall serve a copy of this Order on Plaintiff by regular U.S. mail.

At Camden, New Jersey    s/ Noel L. Hillman
                         NOEL L. HILLMAN, U.S.D.J.